# Brandt's Estate.

*Wills—Legacy—Payment out of sale of real estate—Postponement of sale—Interest on legacy—Acquiescence—Estoppel.*

Where a legacy is directed to be paid out of proceeds of real estate which the executors are authorized to sell "at their discretion" and the sale is not effected until sixteen years after the death of testator, the legatee will not be allowed interest on the legacy, if it appears that she made no objection to the failure to sell the real estate, that she accepted her share of rentals and royalties accruing from the land, that the executors always had the land for sale and did not dispose of it until they received an advantageous price; she is estopped by acquiescence.

Argued October 18, 1923. Appeal, No. 179, Oct. T., 1923, by Lizzie Brandt, legatee, from decree of O. C. Allegheny Co., May T., 1923, No. 189, dismissing exceptions to adjudication, in estate of Philip Brandt, deceased. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Lizzie Brandt, legatee, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Frank W. Stonecipher,* with him *John M. Ralston,* for appellant, cited: Huston's App., 9 Watts 472; Koon & Wright's App., 113 Pa. 621; Buchar's Est., 225 Pa. 427. .

*John E. Winner,* for appellees, cited: Gunning's Est., 234 Pa. 148; Hermann's Est., 220 Pa. 52; Hoskinson's Est., 268 Pa. 447.

PER CURIAM, January 7, 1924:

Philip Brandt died January 31, 1907, leaving a will in which he authorized his executors "at their discretion" to sell and convey his farm in Franklin Township, Allegheny County, and from the proceeds derived from such sale he bequeathed the sum of $3,500 to appellant. The farm was not sold by the executors until January, 1923. At the audit of the executor's account, filed subsequent to the sale, appellant asked that interest be allowed on her legacy of $3,500 from one year after testator's death. The orphans' court declined to make such allowance. Whether or not she should receive interest during the lapsed time is the question before us.

It appears that during the period from 1907 to 1923 the farm was continuously rented and that a considerable sum of money realized by the executors from rents and royalties from oil and gas wells located on the property; that ten accounts of the income so received were filed in the orphans' court which show payments made to appellant out of that fund aggregating the sum of $1,887.44. The court below states in its opinion, and we see nothing in the record to discredit it, that the executors continuously had the farm for sale and in exercising their discretion did not dis-

pose of it until what they deemed an advantageous price was received. Further, we find nothing in the record indicating that appellant at any time objected to the failure to dispose of the property but, on the contrary, accepted from time to time, without objection, payments on account of her share of the rents and royalties received by the executors.

While the general rule is that legacies bear interest from one year after the death of testator, that rule is not applicable in all cases. It may be modified by the circumstances. Here, it seems to have been advantageous to all parties to retain possession of the farm. Appellant acquiesced in this by failure to object and by receiving her share of the income derived from rents and royalties. She must, therefore, be held to be estopped from now claiming interest for the period preceding the sale of the property. This case is ruled by Hoskinson's Est., 268 Pa. 447, and the line of cases therein referred to.

Decree affirmed at costs of appellant.